*FOR PUBLICATION*

## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| FERNANDO ASCENCIO, | ) D.C. CRIM. APP. NO. 2007/0013 |
| | ) |
| Appellant, | ) Sup.Ct.Civ.No. 86/2006 |
| | ) |
| v. | ) |
| | ) |
| PEOPLE OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: July 10, 2009
Filed: November 10, 2010

BEFORE:    CURTIS V. GÓMEZ, Chief Judge, District Court of the
           Virgin Islands; RAYMOND L. FINCH, Judge of the District
           Court of the Virgin Islands; and AUDREY L. THOMAS,
           Judge of the Superior Court of the Virgin Islands,
           sitting by designation.

ATTORNEYS:

Debra Watlington, Esq., T.P.D.
St. Thomas, U.S.V.I.
        Attorney for Appellant,

Elliott M. Davis, Esq., A.A.G.
St. Thomas, U.S.V.I.
        Attorney for Appellees.

Per Curiam.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 2

| **Memorandum Opinion** | |
|---|---|

In this case, we are tasked with deciding whether the Virgin Islands stalking statute is void for vagueness as applied to the facts of this criminal appeal. We are also called upon to determine whether the evidence adduced at trial was sufficient to convict this Appellant ("Mr. Ascencio" or "Appellant") of aggravated stalking under Virgin Islands law. For the reasons stated herein, we affirm Mr. Ascencio's conviction.

## I. FACTUAL AND PROCEDURAL POSTURE

Mr. Ascencio and Lucy Ascencio ("Mrs. Ascencio") were married.  Because of Mr. Ascencio's violent tendencies, Mrs. Ascencio sought a permanent restraining order against him. After a hearing on May 3, 2005, the Superior Court issued a restraining order prohibiting Mr. Ascencio from contacting his wife. The order remained in effect until May 3, 2007.

On February 3, 2006, while the restraining order was in effect, Mrs. Ascencio complained to police that when she and her daughter, Jessica Perez, went to pick up her other minor daughter from the Anna's Hope Head Start, Mr. Ascencio jumped out of the bushes, moved towards the vehicle she was driving, flailed his arms and threatened to kill them. Mrs. Ascencio and her daughter exited the vehicle, ran inside of the Head Start building and

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 3

called the police.

On February 5, 2006, Mr. Angel Linares ("Linares") an
associate of the Ascencios, called the police and requested
assistance at Mrs. Ascencio's home. Mr. Linares told police that
Mr. Ascencio admitted to him that he had recently broken into and
ransacked Mrs. Ascencio's residence.  According to Mrs. Ascencio,
a picture frame in the living room was stabbed, her daughter's
dolls were sprayed with ketchup and her computer wires were cut.
On February 14, 2006, following an investigation, Mr. Ascencio
was arrested and charged in a three count information for
contempt of court (count I); destruction of property (count II);
and aggravated stalking (count III). All three counts were
charged as acts of domestic violence.

On June 6, 2006, Mr. Ascencio filed a motion to dismiss the
aggravated stalking charge as insufficient and void for
vagueness.[1] The court held a hearing and denied his motion.
(J.A. 41-68.) A trial was held from June 12 to 17, 2006. A jury
acquitted Mr. Ascencio of destruction of property.  He was found
guilty of the remaining two counts.

On October 4, 2006, Mr. Ascencio was sentenced to a period
of incarceration of two hundred and seventy days on count I and
four years on count III. The court ordered the sentences to run

_____

[1] The information was also amended on June 6, 2006.  Mr.
Ascencio proceeded to trial on the amended information.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 4

concurrently. This timely appeal followed.[2]

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the judgments and
orders of the Superior Court in criminal cases.[3] *See* Act No. 6687
§ 4 (2004).[4]  Generally, statutory interpretation, jurisdictional
issues and legal error are subject to plenary review. *Gov't of
the Virgin Islands v. Texido*, 89 F. Supp. 2d 680, 683 (D.V.I.
App. Div. 2000); *Charleswell v. Gov't of the Virgin Islands*, 167
F.R.D. 674, 678 (D.V.I. App. Div. 1996). The trial court's
findings of fact are reviewed for abuse of discretion. *Rivera v.
Gov't of the Virgin Islands*, 635 F. Supp. 795, 798 (D.V.I. App.
Div. 1986).[5] Admission of evidence and testimony is also reviewed
for abuse of discretion, but, to the extent the trial court's

---

[2] The court issued its written judgment and commitment on
October 2, 2008.

[3] Appellant's notice of appeal was filed on October 19,
2006.

[4] *See also* Revised Organic Act § 23A, 48 U.S.C. § 1613a. The
complete Revised Organic Act of 1954 is found at 48 U.S.C. §§
1541- 1645 (1994), *reprinted in* V.I. CODE ANN., Historical
Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 &
Supp. 2003) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic
Act"].

[5] Even if the court abuses its discretion, the judgment may
not be set aside unless the defendant made a sufficient proffer
of evidence, and this Court finds that the excluded evidence
would probably have substantial influence in bringing about a
different verdict.  V.I. CODE ANN. tit. 5, § 775.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 5

ruling turns on an interpretation of evidentiary rules, the review is plenary. V.I. CODE ANN. tit. 5, § 836(b); *Gov't of the Virgin Islands v. Petersen*, 131 F. Supp. 2d 707, 709-710 (D.V.I. 2001).

**III. ANALYSIS**

   **A.    Void for vagueness[6]**

On appeal, Mr. Ascencio argues that the aggravated stalking statute is void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment, made applicable to the Virgin Islands through the Revised Organic Act of 1954.[7] "The concept of unconstitutional vagueness is derived from a basic notion of fairness; citizens must be given fair warning before being held culpable for conduct deemed to be criminal." *Gov't of the Virgin Islands v. Steven*, 134 F.3d 526, 527 (3d Cir. 1998)(citing *Colten v. Kentucky*, 407 U.S. 104, 110 (1972)(citations omitted)); *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)(citations omitted).

---

   [6] We exercise plenary review over Mr. Ascencio's void for vagueness challenge. *Steven*, 134 F.3d at 526.

   [7] The Fourteenth Amendment's Due Process Clause, providing that no state shall "deprive any person of life, liberty, or property without due process of law," U.S. CONST. Amend. XIV, § 1, is applicable to the Virgin Islands by virtue of Section 3 of the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1997) (preceding V.I. CODE ANN. tit. 1).

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 6

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson* 461 U.S. 352, 357 (1986)(citations omitted). A statute is void for vagueness if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning . . . . " *Steven*, 134 F.3d at 527. Conversely, a statute "meets the constitutional standard of certainty if its language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Id.* at 527-528 (citing *United States v. Wise*, 550 F.2d 1180, 1186 (9th Cir. 1977)).

Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts as applied to the case at hand. *United States v. Mazurie*, 419 U.S. 544, 550 (1975)(citations omitted); *see also United States v. Powell*, 423 U.S. 87, 92-93 (1975)(citations omitted); *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32-36 (1963)(citations omitted); *see also Soto v. Gov't of the Virgin Islands*, 344 F.Supp.2d 450, 454 (D.V.I. App. Div. 2004) (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,*

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 7

455 U.S. 489, 494-495 (1982)(citations omitted)(a party mounting

a vagueness challenge must establish that the statute is vague as

applied to his individual circumstance and may not complain that

the statute is generally vague as applied to others). To sustain

such a challenge, the complainant must prove that the enactment

is vague "not in the sense that it requires a person to conform

his conduct to an imprecise but comprehensible normative

standard, but rather in the sense that no standard of conduct is

specified at all." *Coates v. City of Cincinnati*, 402 U.S. 611,

614 (1971).

Therefore, where the charged conduct clearly falls within

that proscribed by the statute the vagueness challenge must fail.

*United States v. Loy*, 237 F.3d 251, 259 (3d Cir. 2001); *Gov't of

the Virgin Islands v. Steven*, 962 F.Supp. 682 (D.V.I. App. Div.

1997)(*citing Aiello v. City of Wilmington*, 623 F.2d 845, 850 (3d

Cir. 1980)("the litigant must demonstrate that the statute under

attack is vague as applied to his own conduct, regardless of its

potentially vague application to others")); *see also Parker v.

Levy*, 417 U.S. 733,755-56 (1974)(citations omitted)(one to whose

conduct a statute clearly applies may not successfully challenge

it for vagueness).

V.I. CODE ANN. tit. 14, § 2072, provides in pertinent part:

(a) A person is guilty of the crime of stalking who

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 8

> purposely and repeatedly follows another person and
> engages in a **course of conduct** or makes a credible
> threat with the intent of annoying or placing that
> person in reasonable fear of death or bodily harm or
> injury.
>
> (c) A person is guilty of the crime of aggravated
> stalking who commits the crime of stalking in violation
> of an existing court order prohibiting the behavior and
> shall be imprisoned for a period not to exceed 5 years,
> or may be fined up to $15,000, or both.

*Id.* (emphasis added).

V.I. Code Ann. tit. 14, § 2071 (2005), defines "course of

conduct" as,

> knowing and willful action directed at a specific person,
> composed of a series of acts over a period of time,
> however short, evidencing a continuity of purpose.
> Constitutionally protected activity is not included
> within the meaning of "course of conduct."

*Id.*

Mr. Ascencio's vagueness challenge is directed solely at 14

V.I.C. § 2071(a). He argues that § 2071(a) defines "course of

conduct" as conduct that is "composed of a series of acts over a

period of time, however short, evidencing a continuity of purpose

which <u>alarms or annoys</u> that person." *See* 14 V.I.C. § 2071(a)

(2004)(emphasis added). Ascencio contends that the terms "alarms"

and "annoys" are ambiguous and highly subjective and render the

statute impermissibly vague. (App. Br. 9-15.)

Mr. Ascencio's challenge, however, refers to an antiquated

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 9

version of the statute. *Compare* 14 V.I.C. § 2071(a)(2004)

(employing the terms "alarms" and "annoys") *with* 14 V.I.C.

§ 2071(a)(2005)(eliminating the terms "alarms" and "annoys"). On

March 5, 2005, the Virgin Islands legislature amended § 2071(a)

by deleting the phrase "alarms or annoys." *See* 14 V.I.C. §

2071(a)(2005); Sess. L. 2005 at 73, Mar. 5, 2005, No. 6730

amending 2071(a). The legislative amendment redefined the

prohibited conduct as "knowing and willful action directed at a

specific person, composed of a series of acts over a period of

time, however short, evidencing a continuity of purpose." *See id.*

Mr. Ascencio was charged almost one year after the statutory

amendment.[8] Both the original and amended charging documents

tracked the statutory amendment and specifically accused Ascencio

of "purposely and repeatedly engag[ing] in conduct that placed

Lucy Ascencio in fear of bodily harm by constantly violating a

permanent restraining order by threatening to kill her. . . ."

(J.A. 11.)

Hence, Mr. Ascencio was charged, pursuant to the amendment,

with a course of conduct directed at placing Mrs. Ascencio in

reasonable fear of death or bodily injury, as opposed to annoying

or alarming her. Mr. Ascencio does not challenge the amendment,

---

[8] The statute was amended on March 5, 2005. Mr. Ascencio
was initially charged on February 28, 2006 and went to trial on
an information amended on June 6, 2006.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 10

and we do not find the amendment vague. Thus, the Government's

position is most persuasive, and Mr. Ascencio's section 2071(a)

void for vagueness argument is without merit.

**B.   Sufficiency of the evidence for aggravated stalking**

The standard of review for a sufficiency of the evidence

challenge is plenary. *United States v. Taftsiou*, 144 F.3d 287,

290 (3d Cir. 1998). In determining the sufficiency of the

evidence for a conviction, the Court must view the evidence in

the light most favorable to the government. *Id.* The jury verdict

is sustained "if any rational trier of fact could have found

proof of guilt beyond a reasonable doubt based on the available

evidence." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir.

2001)(citing *Jackson v. Virginia*, 443 U.S. 307 (1979)(citations

omitted)). An appellant who attempts to challenge the sufficiency

of the evidence bears a heavy burden. *United States v. Gonzalez*,

918 F.2d 1129, 1132 (3d Cir. 1990).

To convict Mr. Ascencio of aggravated stalking, the

Government was required to prove and the jury required to find

beyond a reasonable doubt that: 1) a court order prohibited

Ascencio from stalking Mrs. Ascencio; 2) Mr. Ascencio had

knowledge of the order; and 3) Mr. Ascencio violated that order

by stalking Mrs. Ascencio. *See Gov't of the Virgin Islands v.*

*Crossley*, 35 V.I. 100, 104 (Terr. Ct. 1997)(listing elements of

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 11

aggravated stalking under the Virgin Islands Code.)

Mr. Ascencio challenges only the sufficiency of the evidence to prove stalking. A plain reading of the Virgin Islands stalking statute reveals two factual scenarios in which an individual may be held criminally liable for stalking.[9] The first scenario is where a person: a) purposely; and b) repeatedly follows another person; and also c) engages in a prohibited "course of conduct." *See* 14 V.I.C. § 2072(a). The second scenario occurs where a person makes a "credible threat" with the intent of either: a) annoying another; or b) placing another in reasonable fear of death or bodily harm or injury.[10] *See id.*

V.I. CODE ANN. tit. 14, § 2071(b), defines "credible threat" as,

> an explicit or implicit threat made with the intent and the apparent ability to carry out the threat, so as to cause the person who is the target of the threat to reasonably fear for their safety or the safety of a member of the person's family.

_____

[9] "The starting point in every case involving construction of a statute is the language itself." *See Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 756 (1975)(citations omitted).

[10] Because each phrase of the statute is connected with the disjunctive "or," in a context that clearly contemplates alternative types of behavior constituting the crime, they are each to be given independent meaning. *See United States  v. Parcel of Real Property Known at 6109; Grubb Road, Millcreek Tp. Erie County, Pa.*, 886 F.2d 618, 626 (3d Cir. 1989)("canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings unless the context dictates otherwise")(citation omitted).

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 12

*Id.*

The amended information charges that,

> on or about February 3, 2006, [Fernando Ascencio, Jr.],
> did purposely and repeatedly engaged [sic] in courses of
> conduct that placed Lucy Ascencio in fear of death or
> bodily harm by constantly violating a Permanent
> Restraining Order by threatening to kill her, her
> children and himself at the Anna's Hope Head Start
> School, while there was an existing court order
> prohibiting such behavior; Fernando Ascencio, Jr., and
> Lucy Ascencio having been husband and wife, an act of
> domestic violence, in violation of Title 14 V.I.C. §
> 2072(c), and 16 V.I.C. § 91(b)(13).

(J.A. 11.)

The amended information does not recite verbatim the

statutory language for "credible threat" stalking. *See* 14 V.I.C.

§ 2072(a). Rather the language of the amended information

expressly accuses Mr. Ascencio of "purposefully and repeatedly"

engaging in "courses of conduct" that placed his wife in fear of

death or bodily harm. (J.A. 11.); *see also* 14 V.I.C. § 2072(a).

### 1. 'Repeated course of conduct' stalking

Under the repeated course of conduct scenario, a plain

reading reveals that a finding of repeated conduct is an explicit

statutory prerequisite for stalking. *See* 14 V.I.C. § 2072(a).

First, the statute flatly requires that the accused "repeatedly"

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 13

follow another.[11] *See id.* The Virgin Islands Code does not define the word "repeatedly"; however, "repeatedly" is a word of such common understanding that its meaning is not vague.[12] It simply means the perpetrator must follow the victim more than one time.[13]

The facts of this case support only one instance of

---

[11] A person is guilty of the crime of stalking who purposely and <u>repeatedly follows</u> another person and engages in a course of conduct or makes a credible threat with the intent of annoying or placing that person in reasonable fear of death or bodily harm or injury. *See* 14 V.I.C. 2072(a)(emphasis added).

[12] "Webster's Dictionary defines 'repeated' as "said, done or presented again." *People v. Heilman*, (1994) 25 Cal.App.4th 391, 400 [30 Cal.Rptr.2d 422](citing WEBSTER'S THIRD NEW INT'L DICT. 1924 (1981)); *see also State v. Rico*, 741 So. 2d 774, 777 (La. 1999)(defining repeated as "renewed or recurring again and again").

[13] Other jurisdictions interpret "repeated", "pattern" and "course of conduct" in their stalking and harassment statutes to require more than one instance of conduct. *See People v. Payton*, 161 Misc. 2d 170, 174, 176 (N.Y. City Crim. Ct. 1994)("[t]he mere act of following the complainant or approaching the complainant, if standing alone, may not be sufficient to allege [stalking]"); *see also Commonwealth v. D'Collanfield*, 2002 PA Super 266 (Pa. Super. Ct. 2002)(under Pennsylvania law [18 PA. CONS. STAT. ANN. § 2709(b)](2000), the first element of the crime of stalking is engaging in repetitive following); *see* 725 ILL. COMP. STAT. ANN. 5/112A-3 (2000)(perpetrator must follow victim on two separate occasions); COLO. REV. STAT. § 18-9-111 (1998)("'repeatedly' means on more than one occasion"); HAW. REV. STAT. § 711-1106(1)(Supp. 2008)(same); N.C. GEN. STAT. § 14-277.3A (2010)(course of conduct means "two or more acts"); VA. CODE ANN. § 18.2-60.3(2010)(stalking defined as prohibited conduct which occurs "on more than one occasion"); *Rico*, 741 So. 2d at 777 (overturning stalking conviction based on only one instance of following the victim).

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 14

conduct, namely, Mr. Ascencio's actions near the Head Start

center on February 3, 2006.[14] Accordingly, there was insufficient

evidence adduced at trial to support a conviction under the

'repeated course of conduct' prong of the statute; thus, this

Court must now determine whether there was sufficient evidence to

find Mr. Ascencio guilty of stalking under the 'credible threat'

prong.

### 2.    'Credible threat' stalking

The charging document does not explicitly employ the term

"credible threat" when characterizing Mr. Ascencio's threat to

kill Mrs. Ascencio and her daughter.  Consequentially, before we

reach the question of whether there was sufficient evidence to

find Mr. Ascencio guilty of credible threat stalking, the Sixth

Amendment compels us determine whether Mr. Ascencio was

sufficiently charged with making a credible threat against Mrs.

Ascencio. *See United States v. Whited*, 311 F.3d 259, 262-263 (3d

Cir. 2002)("We consider an indictment sufficient if, when

considered in its entirety, it adequately informs the defendant

of the charges against her that she may prepare a defense and

invoke the double jeopardy clause when appropriate."); *United*

_____

[14] The parties do not dispute that Mr. Ascencio was acquitted
of destroying Mrs. Ascencio's property.  Mr. Ascencio's acquittal
left only his conduct on the afternoon of February 3, 2006, to
support a conviction for purposeful and repeated stalking.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 15

*States v. Lott*, 240 Fed. Appx. 992, 995 (3d Cir. 2007).

### a. Sufficiency of the Amended Information

Although Mr. Ascencio does not challenge the sufficiency of the information in his brief, he did file a pre-trial motion to dismiss the aggravated stalking charge as insufficient. A pre-trial hearing was held. (J.A. 41-68.)

At the hearing, the court glossed over the sufficiency of the information for credible threat stalking when it summarily held that the information sufficiently charged Mr. Ascencio with "making threats." (J.A. 64.) Partially on this basis, the court denied Mr. Ascencio's motion. Our review of the trial court's decision concerning the sufficiency of the information is plenary. *See United States v. Henry*, 29 F.3d 112, 113 (3d Cir. 1994); *Gov't of the Virgin Islands v. Moolenaar*, 133 F.3d 246, 247 (3d Cir. 1998)(citation omitted).

Federal Rule of Criminal Procedure 7(c)(1) governs the nature and contents of indictments and informations and provides, in pertinent part:

> (1) In General. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated.

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 16

> . . . .
>
> Harmless Error. Error in the citation or its omission
> shall not be ground for dismissal of the indictment or
> information or for reversal of a conviction if the error
> or omission did not mislead the defendant to the
> defendant's prejudice.

Fed. R. Crim. P. 7(c)(1).

In *Russell v. United States*, 369 U.S. 749 (1962) (citations omitted), the U.S. Supreme Court employed a two-part test established in prior cases for measuring the sufficiency of a criminal charging document: 1) whether the charging document contains the <u>elements of the offense</u> intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and 2) whether the charging document enables the defendant to plead an acquittal or conviction <u>in bar of future prosecutions for the same offense</u>.[15] *Id.* at 763-64 (emphasis added).[16] We apply the principles of *Russell* to this case.

### i.  Elements of the offense charged

_____

[15] We have applied the *Russell* test interchangeably to challenges to the sufficiency of an indictment and an information. See *Moolenaar*, 133 F.3d at 247-250 (citing *Gov't of the Virgin Islands v. Pemberton*, 813 F.2d 626, 631 (3d Cir. 1987)).

[16] *See also United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000); *United States v. Jones*, 299 Fed. Appx. 187, 189 (3d Cir. 2008) (unpublished opinion)("[w]e consider an indictment sufficient if, when considered in its entirety, it adequately informs the defendant of the charges against her such that she may prepare a defense and invoke the double jeopardy clause where appropriate").

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 17

As to *Russell's* first prong, while the amended information does not explicitly allege that Mr. Ascencio made a "credible threat" against his wife and her children; the Third Circuit has held that a criminal charging document is not insufficient solely because it fails to frame the charges in exact statutory terms. *Id.; see also Gov't of the Virgin Islands v. Moolenaar*, 133 F.3d 246, 247-250(3d Cir. 1998) (quoting 24 Moore's Federal Practice, § 607.04[2][b][ii] (3d ed. 1997))("failure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication").

Reading the amended information as a whole, the language of the charging document adequately gave Mr. Ascencio notice that he was criminally charged with making a credible death threat, on February 3, 2006, against both Mrs. Ascencio and a member of her family, while having the intent to place them in reasonable fear of death or bodily injury, coupled with the apparent present physical ability to carry out the threat. The charging document also informed Mr. Ascencio that the threats were made in violation of a standing restraining order and sufficiently informed him of the enhancement factor which elevated the charge to aggravated stalking. In sum, the amended information fully apprised Mr. Ascencio of the charges against him such that he

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 18

could prepare an adequate defense at trial.

### ii.   Future Prosecution

As to *Russell*'s second prong, Mr. Ascencio is not in danger
of double jeopardy. *Russell*, 369 U.S. at 763-764. Here, the
amended information described the conduct alleged and provided
the date and location of the offense. *Id.* at 764; *see also*
*Moolenaar*, 133 F.3d at 250. Mr. Ascencio may refer to the entire
record of the prosecution to avoid twice being tried for the
same crime. *Moolenaar*, 133 F.3d at 250. Accordingly, the amended
information was sufficient to charge Mr. Ascencio with credible
threat stalking.

### b.   Sufficiency of the evidence for 'credible threat' stalking

At trial, the jury heard testimony from Mrs. Ascencio and
Mr. Linares, who both testified that Mr. Ascencio ran out from
behind bushes and moved towards Mrs. Ascencio's vehicle while
threatening to kill her. (Supp. App. 78-79);(J.A. 76.)  Loudina
Powell, who was at the scene of the incident, also heard Mr.
Ascencio shouting threats. (J.A. 180.) Natalie Bailey, who
worked at the Head Start Center, testified that she observed an
afraid, upset and nervous Mrs. Ascencio after the incident and
prior to contacting police. (J.A. 181.) The jury weighed the
credibility of the witnesses' testimony and other evidence

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 19

presented and found Mr. Ascencio guilty of aggravated stalking.
We therefore affirm the Superior Court's decision that this
evidence was sufficient for a rational jury to find beyond a
reasonable doubt that Mr. Ascencio made a credible threat
against Mrs. Ascencio with the intent of placing her in
reasonable fear of death or bodily injury.

**B.   Compulsory Due Process**

Mr. Ascencio also argues that his compulsory due process
rights were violated when the trial court excluded testimony
proffered to show that Mrs. Ascencio's fear was "fabricated and
selective." (Appellant's Br. at 24.)   The Sixth Amendment to the
United States Constitution provides the accused in a criminal
prosecution the right to offer the testimony of favorable
witnesses and "to have compulsory process for obtaining witnesses
in his favor." U.S. Const. Amend. VI; *Gov't of the Virgin Islands
v. Mills*, 956 F.2d 443, 445 (3d Cir. 1992). The Supreme Court has
extended the Compulsory Process Clause to cover a criminal
defendant's right to present witnesses or evidence in his
defense, "even though [such a right] is not expressly described
in so many words." *Taylor v. Illinois*, 484 U.S. 400, 409
(1988)(citations omitted); *Pennsylvania v. Ritchie*, 480 U.S. 39,
56 (1987)(citations omitted).

The right, however, is not absolute. *Mills*, 956 F.2d at

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 20

446.  The Sixth Amendment requires more than a mere showing by
the accused that some relevant evidence was excluded from his
trial. *Id*. Rather, the accused must show how that testimony would
have been both material and favorable to his defense. *Id.; United
States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982)(citations
omitted). Evidence is material "only if there is a reasonable
likelihood that the testimony could have affected the judgment of
the trier of fact." *Mills*, 956 F.2d at 446.

At trial, Mr. Ascencio intended to use the testimony of
David Carter ("Carter"), presumably Mr. Ascencio's co-worker, to
show that Mrs. Ascencio came to her husband's job on several
occasions. (J.A. 201.) Mr. Ascencio submits that such testimony
was material because it would have demonstrated that "Mrs.
Ascencio's alleged state of fear was fabricated and selective."
(App. Br. 18.) The trial court excluded the evidence as
irrelevant and explained,

> . . . this is a criminal case dealing with a
> particular day in question with a particular set of
> actions. What she may have felt about him on
> another day does not factor into what occurred on
> that day of February 3.

(J.A. 204.)

Mr. Ascencio assigns error to the exclusion of Carter's
testimony; however, the governing stalking statute does not
require the prosecution to prove that Mrs. Ascencio feared her

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 21

husband prior to the incident alleged, or even after its

occurrence.   Instead, the jury was statutorily required to find

and did find beyond a reasonable doubt that Mr. Ascencio made a

credible threat against his wife with the intent and apparent

ability to place her in reasonable fear of death or bodily

injury. *See* 14 V.I.C. § 2072(a).

The jury's question was, thus, an inquiry into Ascencio's

intent and corresponding conduct -- not a question of Mrs.

Ascencio's pre-incident or post-incident emotive responses to her

husband.   Hence, whether Mrs. Ascencio was afraid of Mr. Ascencio

during the months, weeks or days prior to the incident was not

material to whether he intended to place his wife in reasonable

fear of death or bodily injury at the time of the incident. *See*

*Mills*, 956 F.2d at 446 ("The Sixth Amendment requires more than a

mere showing by the accused that some relevant evidence was

excluded from his trial. Rather, the accused must show how that

testimony would have been both material and favorable to his

defense."). Accordingly, in the absence of Mr. Carter's

testimony, Mr. Ascencio received a fair trial, worthy of

confidence in the verdict rendered.[17]

_____

[17] *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995)(the
touchstone of materiality is a "reasonable probability of a
different result," the question is whether in the absence of
excluded evidence the defendant, "received a fair trial,
understood as a trial resulting in a verdict worthy of

*Fernando Ascencio v. People of the Virgin Islands*
D.C. Crim. App. No. 2007/0013
Memorandum Opinion
page 22

**IV. CONCLUSION**

For the reasons cited above, we **AFFIRM** Fernando Ascencio's

conviction for aggravated stalking.

---

confidence").